IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**MARK C. PALETTI and**
**TIMOTHY MICHAEL PALETTI,**

    Plaintiff,

vs.                                         CASE NO. 1:08cv209-MP/AK

**YELLOW JACKET MARINA, INC., et al.,**

    Defendants.

                                    /

## O R D E R

In support of their motion to dismiss, Defendants Edward Francis, Catherine Francis, and Jason Francis have submitted matters outside the pleadings which they want the Court to consider in determining whether dismissal of this case is warranted. (Doc. 23).  Plaintiffs have responded.  (Doc. 32).

In reviewing this case, the Court anticipates considering the matters which have been attached by Defendants to the motion to dismiss.  Thus, under Rule 12(b), Federal Rules of Civil Procedure, the motion to dismiss will be converted into a Rule 56 motion for summary judgment.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985).  This requires that the Court give express 10 day

notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default; *i.e.*, the fact that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. *Id.* This order is entered in compliance with Brown and Griffith.

Plaintiffs are advised that in opposing the motion they are the nonmoving party, and as Plaintiffs they bear the burden of proof. In this situation, Defendants need not negate Plaintiff's claim. Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiffs' case. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial. Reliance on the pleadings is inadequate. 477 U.S. at 324. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

The Court will take the newly converted motion for summary judgment under advisement on **May 15, 2009.** Although Plaintiffs have already filed a response and attached evidentiary material, they are herein advised that they may file another response, if they so desire, but must file such response **on or before May 15, 2009.**

Also before the Court is Defendant Richard A. Corbin's pro se "Answer," which is not in the proper format for an answer pursuant to Rule 8, Federal Rules of Civil

Procedure, in that it does not either admit or deny each claim set forth by the Plaintiffs in their complaint, rather Defendant Corbin seeks to join in the motions to dismiss filed by the other defendants. (Doc. 33). Consequently, the "answer" will be construed as a Joinder in the previous motions filed and Plaintiffs shall respond thereto, if they desire, within fourteen days of this date.

Accordingly, it is **ORDERED:**

1. The parties are advised that the motion to dismiss (doc. 23) will be converted to a motion for summary judgment and considered under the applicable standards for such motions as outlined in this Order.

2. That the motion will be taken under advisement on **May 15, 2009,** and a report and recommendation will be entered after that date. Plaintiff must submit any additional material in opposition to summary judgment before that date.

3. That Defendant Richard Corbin's answer (doc. 33) shall be construed as a Joinder in the other defendants' motions to dismiss and Plaintiffs shall file a response, if they deem such necessary, to Corbin's joinder within fourteen days.

**DONE AND ORDERED** this __30th__ day of March, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**