IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**MARK C. PALETTI, et al,**

    **Plaintiff,**

**vs.**                                              **CASE NO. 1:08cv209-SPM/AK**

**YELLOW JACKET MARINE, INC.,,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiffs filed this cause of action pro se, paid the filing fee, and served the complaint pursuant to 42 U.S.C. §1983 alleging that defendants have violated their constitutional rights, specifically the Fourth and Seventh Amendments, Article 10 of the Florida Constitution involving homestead rights, and several federal criminal codes.

Defendants have moved to dismiss (docs. 23, 26, 28), joined by Defendant Corbin (doc. 50), and Defendant First American has filed a motion for summary judgment (doc. 39), as amended. (Doc. 41). Defendants Francis' motion (doc. 23) has also been construed as a motion for summary judgment because it attached evidentiary material for consideration (doc. 35), and Plaintiff has responded. (Docs. 32, 37, 40, 42, 43, 44).

Plaintiffs have also filed a motion for declaratory judgment (doc. 45), to which there have been responses, (docs. 47, 48, 49, 50) and a reply. (Doc. 51).

## I. Allegations of the First Amended Complaint (doc. 9)

Plaintiffs claim that Defendant John Barley, an attorney for Defendant Yellow Jacket Marine and Defendant Richard Corbin, violated their rights by "masterminding" a fraudulent scheme involving titles to real property; that Defendant Richard Corbin engaged in multiple "home invasions" under color of state law and fraudulently transferred title to real and personal property owned by Plaintiffs; that Defendants Edward, Catherine and Jason Francis, in conjunction with Defendant First American Title, slandered title to land owned by the Plaintiffs; and these actions were sanctioned by several judges (not named defendants) who rendered orders in circuit and bankruptcy courts that have resulted in unspecified damages to the Plaintiffs.

Mentioned in the complaint and attached thereto are several orders from the United States Bankruptcy Court for the Northern District of Florida and the Circuit Court for the Third Judicial Circuit in and for Dixie County, Florida, which indicate that matters between the Plaintiffs and these defendants have been litigated before.

Defendants collectively raise a number of grounds for dismissal–insufficient service, failure to serve timely, failure to state a claim for relief, lack of personal and subject matter jurisdiction, and res judicata. While there are good arguments for all these grounds, the Court finds one primary ground for dismissal is sufficient.

## II. Analysis

A district court should review subject matter jurisdiction sua sponte, and shall dismiss an action "whenever it appears" that the court lacks subject matter jurisdiction.

**No. 1:08cv209-SPM/AK**

Rule 12(h)(3), Federal Rules of Civil Procedure; Blue Cross & Blue Shield of Alabama, 138 F.3d 1347 (11th Cir. 1998); and Bell v. Hood, 327 U.S. 678 (1946). All of the named defendants are private citizens and a business, none of which were acting under color of state law. See Smartt v. First Union National Bank, 245 F.Supp.2d 1229, 1233 (MD Fla. 2003).

A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting under "color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) *citing* Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.*, at 1523, *citing* Monroe v. Pape, 365 U.S. 167, 183-84, 81 S. Ct. 473, 482, 5 L. Ed. 2d 492 (1961), *overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). There are no allegations that the persons and business named as defendants were acting under any authority by the state of Florida. Further, Plaintiffs have failed to identify any constitutional right or federal law that was violated. Mere reference to the Fourth and Seventh Amendments does not shed any light on the nature of their claims as they pertain to federal or constitutional law.

**No. 1:08cv209-SPM/AK**

After reading the bankruptcy court order attached to the amended complaint, which sheds significant light on the nature of Plaintiffs' claims herein, it is clear that this case does not raise constitutional issues, and is (and was it seems) a matter for state court determination, as it concerns a breach of contract related to a real property transaction that has been embroiled in state court for nearly two decades.  Federal court is not a last resort for litigants unhappy with state court judgments.  See Powell v. Powell, 80 F.3d 464 (11th Cir. 1996) (according to *Rooker-Feldman* doctrine, a United States District Court has no authority to review final judgments of a state court in judicial proceedings.)  Since this is precisely the relief sought in Plaintiff's motion for declaratory judgment (doc. 45), it is also recommended herein that the motion be **DENIED**.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motions (docs. docs. 23, 26, 28, 39 and 41) be **GRANTED**, and this cause **DISMISSED** with prejudice for lack of subject matter jurisdiction.  It is further recommended that the motion for declaratory judgment (doc. 45) be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  **6th** day of January, 2010.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**No. 1:08cv209-SPM/AK**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:08cv209-SPM/AK**